**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAZMINE MARTINEZ, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RISEBORO COMMUNITY PARTNERSHIP, INC.,<br><br>Defendant. | Case No. 1:26-cv-02066-OEM-VMS<br><br>**PROPOSED DISCOVERY PLAN** |

Plaintiff Jazmine Martinez ("Plaintiff") and Defendant RiseBoro Community Partnership, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, respectfully submit this Discovery Schedule pursuant to this Court's Order dated November 13, 2026 and Federal Rule of Civil Procedure 26(f). Counsel for the Parties conferred on October 9, 2026. During the conference, the Parties discussed the nature and basis of their claims and defenses; the possibilities for promptly settling or otherwise resolving the action; the disclosures required by Rule 26(a)(1); and the development of a proposed discovery plan. At the Initial Conference Hearing on November 6, 2026, the Court approved the Parties' proposed schedule set forth below.

## I. RULE 26(F) CONFERENCE

The Rule 26(f) conference was held on October 9, 2026, by videoconference. The following counsel participated: Breanna Small, Esq., and Benjamin Goldstein, Esq., of Lawyers for Justice, P.C., for Plaintiff; and Brian Selchick, Esq., and Michael B. Weiss, Esq., of Cullen and Dykman LLP, for Defendant. The Parties affirm that they participated in good faith and

attempted to reach agreement on the proposed discovery plan.

## II. RULE 26(A) DISCLOSURES

Initial disclosures under Rule 26(a)(1) are waived pursuant to the Order in FLSA Case Requiring Discovery and Setting Initial Pretrial Discovery and Mediation Schedule, dated April 22, 2026 (ECF No. 6), with which the Parties complied. The Parties have also already exchanged Plaintiff's individual records.

## III. PROPOSED DISCOVERY PLAN

a. Subjects, Scope, and Phasing of Discovery

Due to the complex nature of class action litigation, the Parties propose that discovery be tiered. The first tier ("Tier 1") will consist of a production of class data sufficient to allow the Parties to evaluate whether this action may be resolved through mediation based on the exchange of that data. As part of Tier 1, Defendant will provide Plaintiff with its overall headcount of hourly employees, broken down by job groupings, along with the collective bargaining agreements ("CBAs") applicable to its unionized workforce. Defendant will further produce payroll and time records, including all clock-in and clock-out records, for one (1) month from each of the three (3) years preceding the date of the Complaint, which records will include representatives from each job title; the Parties anticipate selecting sample months that avoid periods of heavy vacation use and seasonal variation, such as April, May, or October. Defendant will also provide information on the number of workweeks for each position in the six (6) years preceding the date of the Complaint. Following review of the Tier 1 production, the Parties will confer regarding whether additional data for the remaining years of the limitations period is necessary. If the Parties do not agree to mediate following Tier 1, the Parties will submit a proposed case management plan for the remainder of discovery and motion practice, as set forth

below. The Parties reserve their rights to object to discovery that they believe is outside of the scope of this Discovery Plan as appropriate.

b. Proposed Tier 1 Deadlines

The Parties propose the following deadlines for Tier 1 Discovery. The Parties respectfully submit that a longer than usual production period is warranted because Defendant has a single administrative employee responsible for compiling the data in addition to her regular duties, and because the data is highly complex due to differences among positions, pay codes, and the multiple CBAs that govern Defendant's workforce.

(1) Defendant's production of headcount, job groupings, and CBAs: January 18, 2027;

(2) Completion of Tier 1 production: January 18, 2027;

(3) Meet and confer regarding whether the Parties agree to mediate: March 19, 2027;

(4) Joint status report to the Court advising whether the Parties agree to a settlement conference or to mediate, either privately or through the EDNY mediation panel: April 19, 2027; and

(5) If the Parties do not agree to mediate, submission of a proposed case management plan for the remainder of discovery and motion practice: with the joint status report.

c. Electronically Stored Information and Preservation

The Parties have discussed preservation of discoverable information, including electronically stored information ("ESI"). The Parties agree that an ESI protocol is not necessary for Tier 1, as this action is not expected to be document-intensive beyond the payroll and time data described above. Should an ESI protocol become necessary, the Parties will meet and confer and submit a proposed protocol to the Court.

## IV. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The Parties discussed the possibility of promptly settling or otherwise resolving this action. The Parties are making a good-faith effort to determine whether this action may be resolved through mediation following the Tier 1 exchange of data. The Parties will advise the

Court in their joint status report whether they agree to a settlement conference or to mediate, either privately or through the EDNY mediation panel.

The Parties do not consent to proceed before a Magistrate Judge for all purposes.

## V. REQUEST FOR ENTRY OF SCHEDULING ORDER

The Parties respectfully request that the Court approve the foregoing discovery plan, enter a Scheduling Order establishing the proposed Tier 1 deadlines, and grant such other and further relief as the Court deems appropriate.

Dated: November 17, 2026
New York, New York

**LAWYERS for JUSTICE, P.C.**

By: /s/ Benjamin A. Goldstein
Benjamin A. Goldstein, Esq.
Joanna Ghosh, Esq.
217 Broadway, Suite 511
New York, NY 10007
b.goldstein@calljustice.com
joanna@calljustice.com

*Attorneys for Plaintiff and the Putative Class and FLSA Collective*

**CULLEN AND DYKMAN LLP**

By: /s/ Michael B. Weiss
Michael B. Weiss, Esq.
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, NY 11553
mweiss@cullenllp.com

*Attorneys for Defendant*